Case 3:20-cv-00529-KAD Document 43-1 Filed 12/05/21 Page 1 of 10
Case 21-871, Document 86-1, 11/01/2021, 3212054, Page1 of 10

21-871
Carlone v. Lamont, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

MATTHEW S. CARLONE,

> *Plaintiff-Appellant*,

v. No. 21-871

EDWARD M. LAMONT, GOVERNOR OF THE STATE OF CONNECTICUT, in both his official and personal capacities, RENEE COLEMAN-MITCHELL, FORMER STATE PUBLIC HEALTH COMMISSIONER, in both her official and personal capacities, DIEDRE S. GIFFORD, ACTING STATE PUBLIC HEALTH COMMISSIONER, in both her official and personal capacities, DAVID LEHMAN, STATE ECONOMIC AND COMMUNITY DEVELOPMENT COMMISSIONER, CHIEF COURT ADMINISTRATOR, FOR THE CHIEF JUSTICE OF THE CONNECTICUT SUPREME COURT,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| FOR APPELLANT: | MATTHEW S. CARLONE, *pro se*, Wethersfield, CT. |
| FOR APPELLEE: | MICHAEL K. SKOLD, Assistant Attorney General, *for* William Tong, Attorney General, Claire Kindall, Solicitor General, Connecticut Office of the Attorney General, Hartford, CT. |

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 10, 2021, is **AFFIRMED**.

Plaintiff-Appellant Matthew Carlone, a licensed attorney, filed this lawsuit *pro se* against Defendants-Appellees, who are five statewide public officials in Connecticut (together, the "State Defendants"). Carlone's complaint alleges that the State Defendants' "Executive Orders, rules or mandates in response to COVID-19" violate the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and the Commerce Clause, "among other State and U.S. Constitutional Provisions." Complaint at 2, 83. The bulk of his 104-page complaint focuses on his disagreements with how Connecticut counts COVID-19 cases and deaths, his claims that various State orders are unconstitutional because— allegedly—they were not based on empirical evidence, and his allegations of a wide-ranging global conspiracy involving Dr. Anthony Fauci, Dr. Deborah Birx, the Bill & Melinda Gates Foundation, the Rockefeller Foundation, and Jeffrey Epstein.

The district court granted the State Defendants' motion to dismiss on jurisdictional grounds: that Carlone does not have standing and the Eleventh Amendment bars many of Carlone's claims. The district court further noted that, even if it had jurisdiction, it would conclude that the complaint fails to state a plausible claim upon which relief could be granted. It entered judgment in favor of the State Defendants without offering Carlone leave to amend his complaint. We assume the parties' familiarity with the underlying facts,

2

procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

We review *de novo* a district court's grant of a motion to dismiss. *See Bellin v. Zucker*, 6 F.4th 463, 472 (2d Cir. 2021). Although Carlone is proceeding *pro se*, he does not receive the "special solicitude" typically afforded to *pro se* litigants because "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

1. Standing

Carlone argues that the district court erred by dismissing his complaint for lack of standing. Article III of the Constitution limits the subject matter jurisdiction of the federal courts to "'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting U.S. Const. art. III, § 2). "The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that [he] has standing to sue." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015) (internal quotation marks omitted). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2016). When defendants bring a "facial" challenge to standing—i.e., one based on the allegations in the complaint and exhibits attached to it—"we accept as true all material allegations of the complaint, and draw all reasonable inferences in favor of the plaintiff." *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 140 (2d Cir. 2021) (internal quotation marks and alterations omitted).

To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547. An injury in fact "must be concrete and particularized, as well as actual or imminent," rather than "conjectural or hypothetical." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (internal quotation marks omitted). Moreover, "a grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'" *Id.*

3

Here, Carlone's complaint is devoid of specific allegations about how he, personally, has been injured by the State Defendants' allegedly unconstitutional executive actions. The only statement Carlone points to in his complaint that even approaches meeting the injury-in-fact requirement is his allegation that, "[a]s a consequence and result of Governor Lamont's unconstitutional Executive Orders, the Plaintiff has suffered injuries to his business and his ability to make a living in that, *inter alia*, defendants['] order[s] have precluded access to the civil courts without any basis in scientific empirical evidence."[1] Complaint at 90. Although a plaintiff can establish an injury in fact by plausibly alleging "even a small financial loss," *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017), Carlone's allegation is too conclusory to support a finding of a concrete and particularized injury: It simply states a conclusion that his business has been injured, unaccompanied by any supporting factual allegations about how "preclud[ing] access to the civil courts" has resulted in any injury to his business or his financial position.[2] As the district court observed, the complaint does not detail what Carlone's business is—other than by stating that he is a lawyer—or how his business has been affected by the orders that he challenges.

In his briefing, Carlone suggests two inferences as support for the conclusion that he has standing. First, he asserts that "it is common knowledge within the legal profession that the business model for attorneys in private practice is based on the 'billable hour,'" and that it would "therefore be both reasonable and permissible for the district court to infer that the

---

[1] Carlone's complaint does not state which of the State government's order(s) have caused the injuries he alleges. In his briefing on appeal (which, in any event, may not offer new allegations that were not before the district court, *see Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975)), he suggests only that his "business suffered economic damages as a consequence of Governor Lamont closing the civil courts pursuant to Executive Order 7G." Appellant's Br. at 21. In that executive order, according to Carlone's complaint, Governor Lamont stated, "in consultation with Chief Court Administrator on behalf of the Chief Justice of the Supreme Court and the Judicial Branch, I have determined that there exists a compelling state interest that the courts conduct only essential business in order to minimize the spread of COVID-19." Complaint at 19. This order appears to sweep less broadly than he alleges.

[2] Relatedly, Carlone's complaint states, "Closing the courts thereby restricting and infringing upon the Plaintiff's right to engage in the practice of law, was not grounded in science or empirical data." Complaint at 85. But it does not explain how the challenged orders restricted his "right" to practice law, or how a restriction on practicing law would support the constitutional claims that he alleges in any event.

4

closure of the Connecticut civil courts would cause a decrease in the amount of 'billable hours' [he] could generate." Appellant's Br. at 22-23. But Carlone does not allege in his complaint that he is paid by the billable hour, nor does he allege any facts suggesting that his billable hours have decreased as a result of the closure of the civil courts—or even that billable hours have generally decreased in Connecticut's legal industry in response to closure of the civil courts.

Second, Carlone argues that "the district court could have also reasonably inferred the Plaintiff's law business lost revenue as a result of Governor Lamont placing a moratorium on summary process (eviction) actions pursuant to Executive Order 7X, as alleged in Paragraph 360." Appellant's Br. at 23. But paragraph 360 of Carlone's complaint simply makes the conclusory assertion that Executive Order 7X is "*per se* unconstitutional." Complaint at 87. Carlone's complaint does not allege that his legal work involves evictions or summary process proceedings, let alone any facts to support a conclusion that his work in that area has been affected by the pandemic.

Having offered no specific factual allegations in his complaint, Carlone does not ask now on appeal that we simply draw inferences in his favor; rather, he asks this court to speculate about an injury that he alleges to be suffering in only the most generic sense. Under Carlone's theory, we would have to infer that every practicing lawyer in Connecticut has suffered an injury in fact by the closure of the State's civil courts—which of course is not the case, because lawyers' practices and circumstances vary so widely. Without more, his allegations do not "ensure that [he] has a personal stake in the outcome of the controversy." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal quotation marks omitted). More broadly, Carlone's theory would invite virtually any member of the public to challenge laws they disagree with through conclusory allegations of economic injury. But the Supreme Court has emphasized that "a plaintiff cannot establish standing by asserting an abstract general interest common to all members of the public, no matter how sincere or deeply committed a plaintiff is to vindicating that general interest on behalf of the public." *Carney*, 141 S. Ct. at 499 (internal quotation marks and citation omitted). We therefore conclude that

5

Carlone's allegation of financial injury is not enough to establish an injury in fact caused by the executive actions he challenges.

In addition, Carlone argues that he has standing to pursue his claims because he is subject to Connecticut's mask mandate, established in Governor Lamont's Executive Order 7BB. But the complaint does not state that Carlone has ever actually been required to wear a mask or has been subject to enforcement of the mask mandate. Rather, it simply excerpts part of the text of Executive Order 7BB and asserts that the mask mandate is "*per se* unconstitutional" on the theory that it is not supported by empirical or scientific evidence. Complaint at 87. The complaint also details the "scientific facts" that, according to Carlone, "demonstrate that the mask mandate will actually produce results antithetical to its stated purpose" and "will cause negative health consequences such as oxygen deprivation." Appellant's Br. at 19-20. None of these allegations plausibly show that Carlone has "suffer[ed] a personal and individual injury beyond [his] generalized grievance." *Carney*, 141 S. Ct. at 499.[3] Accordingly, Carlone's allegations are insufficient to establish his standing to challenge the Governor's mask mandate.

For these reasons, we agree with the district court that Carlone has not met his burden to "alleg[e] facts that affirmatively and plausibly suggest" that he has suffered an injury in fact. *Cortlandt St. Recovery*, 790 F.3d at 417. We therefore affirm the district court's

---

[3] To the extent that Carlone asserts in his briefing on appeal that he has been injured by being forced to comply with Connecticut's mask mandate, those allegations are not found in his complaint or in a filing that the district court could have properly considered when determining whether he has standing. It is well established that we generally "will not consider . . . evidence which [is] not part of the trial record," *Int'l Bus. Machs. Corp.*, 526 F.2d at 45, nor will we "consider an issue raised for the first time on appeal," *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Moreover, to the extent that Carlone's alleged injuries arose after he filed his complaint, they would not cure the jurisdictional defect because "we evaluate whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 126 (2d Cir. 2020) (internal quotation marks and emphasis omitted); *see also City of Hartford v. Towns of Glastonbury*, 561 F.2d 1032, 1051 n.3 (2d Cir. 1976) (*en banc*) ("Events occurring after the filing of the complaint cannot operate so as to create standing where none previously existed.").

6

dismissal of Carlone's complaint for lack of standing.[4]

2. Leave to amend the complaint

Carlone argues that the district court abused its discretion by dismissing his complaint without affording him an opportunity to replead. But, as this Court recognized in the case that Carlone relies on, "the contention that the District Court abused its discretion in not permitting an amendment that was never requested [is] frivolous." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (internal quotation marks omitted). There is "no abuse of discretion in the district court's failure to grant leave to replead *sua sponte*." *Id.*

To the extent that Carlone argues that the district court erred by not granting his post-judgment motion for leave to amend, that issue is not properly before this Court. Unlike in *Williams, see id.* at 212–14, the record before us on appeal contains no ruling on Carlone's motion for leave to amend. Rather, the district court had not ruled on Carlone's motion before he filed his notice of appeal, one week after filing his motion. On the record before us, the district court did not commit any reversible error with respect to whether Carlone should be permitted to amend his complaint.

\* \* \*

---

[4] The district court correctly observed that, because Carlone "failed to plead facts showing that he has standing, [the court] lacks jurisdiction and must dismiss the case." App'x at 7; *see Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."). The district court nonetheless—and understandably, in light of the far-fetched nature of the allegations made in the complaint—explained its view that Carlone's complaint would very likely fail on the merits should it be tested under Rule 12(b)(6). We do not understand the district court's analysis of the merits of Carlone's complaint, which was conditioned on a finding that it had jurisdiction, to represent a holding on the merits that would have exceeded its jurisdiction.

We have considered Carlone's remaining arguments and find in them no basis for reversal. For the reasons set forth above, the judgment of the district court dismissing the complaint for lack of standing is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8

United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: November 01, 2021
Docket #: 21-871cv
Short Title: Carlone v. Lamont

DC Docket #: 20-cv-1288
DC Court: CT (HARTFORD)
DC Judge: Shea

# BILL OF COSTS INSTRUCTIONS

The requirements for filing a bill of costs are set forth in FRAP 39. A form for filing a bill of costs is on the Court's website.

The bill of costs must:
* be filed within 14 days after the entry of judgment;
* be verified;
* be served on all adversaries;
* not include charges for postage, delivery, service, overtime and the filers edits;
* identify the number of copies which comprise the printer's unit;
* include the printer's bills, which must state the minimum charge per printer's unit for a page, a cover, foot lines by the line, and an index and table of cases by the page;
* state only the number of necessary copies inserted in enclosed form;
* state actual costs at rates not higher than those generally charged for printing services in New York, New York; excessive charges are subject to reduction;
* be filed via CM/ECF or if counsel is exempted with the original and two copies.

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: November 01, 2021
Docket #: 21-871cv
Short Title: Carlone v. Lamont

DC Docket #: 20-cv-1288
DC Court: CT (HARTFORD)
DC Judge: Shea

## VERIFIED ITEMIZED BILL OF COSTS

Counsel for
_____

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the
_____

and in favor of
_____

for insertion in the mandate.

Docketing Fee          _____

Costs of printing appendix (necessary copies _____ ) _____

Costs of printing brief (necessary copies _____ ____) _____

Costs of printing reply brief (necessary copies _____ ) _____

**(VERIFICATION HERE)**

_____
Signature